**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

**SIDEWALK ADVOCATES FOR LIFE and KEVIN HAMMER,**

          Plaintiffs,

-vs-

**CITY OF DETROIT,**

          Defendant.

Case No. 4:26-cv-10911

District Judge Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

---

### DEFENDANT CITY OF DETROIT'S MOTION TO STAY CASE

For the reasons stated in greater detail in the attached brief, Defendant, the City of Detroit ("the City" or "Defendant"), moves this Court, pursuant to the Court's inherent authority to manage its docket and control its case schedule, to stay further proceedings in this case for 60 days.

As more fully addressed in the Brief below, Defendant is requesting a 60-day stay of this case because the City needs time to complete its review of the applicable Ordinance legislative history and the subject Ordinance is in the process of Detroit City Council amendment. The City filed a Motion to Stay in the companion related case, *Matthew Lipscomb v. City of Detroit*, Case No. 26-cv-11060, pending before this Court as well. Both cases should be stayed.

In compliance with Local Rule 7.1(a), undersigned counsel conferred by telephone with Plaintiff's counsel on May 12, 2026, and through followup emails

1

concerning the requested stay and planned Motion to Stay.  Plaintiff is opposing the motion.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant this Motion to Stay the Case for 60 days.

DATED: June 26, 2026

Respectfully submitted,

/S/ *Eric B. Gaabo* (P39213)
Attorney for Defendant City of Detroit
City of Detroit Law Department
Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 269-0297
gaabe@detroitmi.gov

## STATEMENT OF THE ISSUE PRESENTED

<u>Question</u>:  Should the Court stay the case for 60 days, given that the City is currently collecting and reviewing the applicable Ordinance legislative history and the subject Ordinance is in the process of City Council amendment?

<u>Answer</u>:  Yes.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

1.  Federal Rule of Civil Procedure 1, and the Court's inherent authority to manage its docket, to control its case schedule and to stay cases when appropriate.

2.  *Powell v. McCormack*, 395 U.S. 486 (1969)

3.  *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014)

4.  *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999)

5.  *Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564 (6th Cir. 2013)

## BRIEF IN SUPPORT

The Court should grant Defendant's Motion to Stay the case for 60 days. The City needs time to complete its review of the applicable City Council Ordinance legislative history and the subject Ordinance is in the process of amendment consideration by Detroit City Council. In order to assure Plaintiffs and the Court concerning the progress of the review and City Council steps toward Ordinance amendment, the City proposes that the Court schedule joint Status Conferences, and/or have the City file status reports, at 30 days and 60 days after entry of the Order staying the case.

### I. Legal Standard

The Court possesses authority under the Federal Rules of Civil Procedure and the Court's inherent authority to manage its docket, to control its case schedule and stay cases when appropriate. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (citing *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (holding "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *see also* Fed. R. Civ. P. 1. For

example, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Williams v. Scottrade, Inc.*, 2006 WL 1722224, at *1 (E.D. Mich. 2006) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.").

## II. A 60-Day Stay Is Needed and Appropriate for Party and Judicial Efficiency and Given Potential Mootness or Narrowing of Issues.

The subject Ordinance at issue in both this case and *Matthew Lipscomb v City of Detroit*, Case No. 26-cv-11060, is under review and once that review and potential amendment by City Council of the Ordinance is complete, the issues in both cases may be moot or at least narrowed. It would be a waste of party and judicial resources to fully brief and adjudicate a Motion for Preliminary Injunction in the *Lipscomb* case and two Motions to Dismiss complaints when the issues therein may be moot, resolved, or at least narrowed in a couple of months. If claims become moot during the course of the case, then the Court would lack jurisdiction to address them. *See, e.g.*, *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992); *Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 566-67 (6th Cir. 2013).

Perhaps Plaintiffs would even voluntarily dismiss the case or certain claims after the Ordinance amendment. If, however, after the Ordinance review and City

6

Council amendment process is complete, the Plaintiffs still want to pursue this litigation, they can file an amended complaint, which the City can respond to then.

There is also a practical consideration as well.  While Plaintiffs have had months (or more likely, years, given that the subject Ordinance was enacted in 2024) to prepare their pleadings and voluminous exhibits, the City is still working to gather the full legislative history and investigating the issues to respond in a meaningful way to the Complaint.

The City is not requesting an open-ended indefinite stay; rather, just 60 days. The City is taking concrete steps to effectuate an amendment of the Ordinance. Council Member Gabriela Santiago-Romero submitted her formal Memorandum through Council President to the Detroit Law Department on June 1, 2026, asking for the draft amendment for Chapter 31.  (**Ex. A**.)  The language of the proposed amendment has been approved as to form by the Corporation Counsel (see **Ex. B**) and has been submitted to the City Counsel.  The plan is to complete the process so that City Council can vote on the proposed amendment before City Council breaks for the Summer Recess near the end of July, 2026.  While plans are always subject to change, especially if questions are raised by City Council members or additional changes are suggested to the amendments, the current plan is as follows:  On Tuesday, June 30th, the proposed amendments should be presented to the full City Council for referral; Council should refer the matter to its Public Health and Safety

7

subcommittee on July 6th; that subcommittee should be able to refer the matter back to the full City Council for a formal session on July 7th, at which time it will schedule the matter for a public hearing, which could take place on July 20th or 27th, followed by a vote the following day, July 21st or 28th.  Again, things may change, but this is the current plan.

In the meantime, because of the planned amendment to remove the 15-foot fixed buffer zone provision (§ 31-14-4) from the Ordinance, the Law Department has instructed the Detroit Police Department **not** to enforce that restriction.  The instruction to not enforce the "15-foot fixed buffer zone" around entrances to healthcare facilities was given to the Detroit Police Department on May 5, 2026, and Plaintiffs' counsel was so informed during the stay meet-and-confer discussion.

With respect to the 8-foot bubble provision (§ 31-14-3), that the planned amendment would leave that protection in place (Ex. A) is of no legal moment to Plaintiffs' case.  Plaintiffs have not yet filed a motion for preliminary injunction, but if they do, the United States Supreme Court binding precedent of *Hill v. Colorado*, 530 U.S. 703 (2000) controls.  Preventing others from making unwanted invasions into clinic patients' personal space and physically menacing them are important interests.  The Supreme Court's decision in *Hill* upheld a floating 8-foot bubble around those entering or leaving abortion clinics as Constitutional and endorsed the importance of the "right to be let alone" and confirmed that "the right to free passage

8

in going to and from work applies equally—or perhaps with greater force—to access to a medical facility." *Hill*, 530 U.S. at 716–17.

Plaintiffs may not like the *Hill* decision, but it has not been overturned. Courts throughout the country continue to recognize its binding precedential authority. *See, e.g.*, *Price v. City of Chicago*, 915 F.3d 1107 (7th Cir. 2019); *Vitagliano v Co of Westchester*, 71 F4th 130, 140–41 (2d Cir. 2023). If, after the Detroit City Ordinance is amended, Plaintiffs still want to pursue this case and likely ask this District Court to ignore binding United States Supreme Court precedent, they can try to do so. But there is no pressing urgency that the Court must adjudicate such a hypothetical motion now, as opposed to in a couple months, by which time the Ordinance amendments should be completed. The "15-foot fixed buffer zone" (§ 31-14-4) is not being enforced.

As a matter of party and judicial economy, for both this case and the companion matter, *Matthew Lipscomb v City of Detroit*, Case No. 26-cv-11060, the prudent course of action is for the Court to exercise its discretion to enter a short 60-day stay. Then after the City Ordinance is amended, if Plaintiffs do not agree to dismiss the case voluntarily, Plaintiffs can file an amended complaint. Defendant City of Detroit can respond then, rather than filing premature briefs now.

## CONCLUSION

For the above reasons, Defendant City of Detroit respectfully requests that

9

this Honorable Court grant this Motion to Stay the Case for 60 days.

DATED: June 26, 2026                    Respectfully submitted,

                                        /S/ *Eric B. Gaabo* (P39213)
                                        Attorney for Defendant City of Detroit
                                        City of Detroit Law Department
                                        Coleman A. Young Municipal Center
                                        2 Woodward Avenue, Suite 500
                                        Detroit, MI 48226
                                        (313) 269-0297
                                        gaabe@detroitmi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.

                                        */s/ Eric Gaabo*
                                        Eric Gaabo

10